UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA TORRICELLAS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>J. CORE and ROB BONTA,<br><br>　　　　　　　　　　Respondents. | Case No.: 22-cv-1670-MMA-KSC<br><br>**REPORT AND RECOMMENDATION FOR AN ORDER GRANTING MOTION TO DISMISS [Doc. No. 6]** |

　　　　Petitioner Theresa Torricellas ("Torricellas") seeks a writ of habeas corpus purportedly challenging her conviction in the Superior Court for the County of San Diego for second degree murder—with a one-year firearm enhancement—for which she is serving a sentence of 15 years to life. *See* Doc. No. 1 at 1-2.[1] Respondent moved to dismiss the Petition and lodged the requisite state court records. Doc. Nos. 6, 7. Petitioner opposed

---

[1] 　　For the sake of uniformity, the Court generally adopts the pagination applied by the Court's CM/ECF case management system throughout, rather than the individualized pagination specific to any document in the record.

the Motion and submitted an additional lodgment. Doc. Nos. 10, 11.[2] Having reviewed the parties' briefs and the relevant portions of the record, the Court now submits this Report and Recommendation to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72(d). This Court **RECOMMENDS** the District Judge **GRANT** the Motion as set forth in this Report and Recommendation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case comes before the Court after numerous successive (and sometimes simultaneous) actions spanning almost forty years. Petitioner originally pleaded guilty to second degree murder in 1985. Doc. No. 1 at 1-2. The California Court of Appeal and California Supreme Court affirmed her conviction on direct appeal, and both courts affirmed it again after she unsuccessfully petitioned for a writ of habeas corpus in the Superior Court for the County of San Diego. *See Torricellas v. Davison*, 3:98-cv-754-BTM-POR, Doc. No. 208 at 5-6 (S.D. Cal. 2006). Petitioner thereafter sought a writ of habeas corpus in this district, which the Honorable Barry Ted Moskowitz denied on July 31, 2006, after the matter was held in abeyance for a number of years. *Id.* at 5, 50. The Ninth Circuit affirmed Judge Moskowitz's 2006 Order after petitioner missed her deadline to directly appeal and unsuccessfully sought reconsideration. *See Torricellas v. Davidson* [*sic*], 279 Fed. Appx. 504, 504-05 (9th Cir. 2008), *cert. denied*, 558 U.S. 847 (2009).

In January 2019, petitioner sought resentencing in the California Superior Court under then-newly enacted California Penal Code section 1170.95. *See* Doc. No. 7-1 at 35-37. The Superior Court denied the petition for resentencing on July 8, 2020, after finding petitioner categorically ineligible for resentencing under the governing statute. Doc. No. 7-2 at 335-36. More specifically, the court found that Torricellas' sworn statements, made in open court during her 1985 plea colloquy, established she "directly aided and abetted the

---

[2] Briefs submitted in opposition are normally limited to 25 pages. *See* Civ. L.R. 7.1(h). Although petitioner's brief is almost 30 pages long, the Court has exercised its discretion to consider the portions that exceed the 25-page limit imposed by the local rules.

murder and was also a 'major participant in' the murder to which she pleaded guilty because "she was aware the shooter wanted to kill the victim and that they were taking him to a remote location in order to kill him . . . [s]he held the firearm in the car and then gave it to the shooter knowing the victim would be killed," and she "acted as a lookout." *Id.* (quoting Cal. Pen. Code § 189(e)). The California Court of Appeal (on June 25, 2021) and California Supreme Court (on September 15, 2021) affirmed the Superior Court's refusal to resentence petitioner. *See* Doc. Nos. 7-7, 7-9.

Undeterred, petitioner filed a second resentencing petition in the Superior Court for the County of San Diego on September 29, 2021, which the Court denied for procedural reasons on November 9, 2021. *See* Doc. No. 7-10 at 34-49, 76. The California Court of Appeal affirmed dismissal of the second petition on direct appeal. *See* Doc. No. 7-14. Petitioner unsuccessfully sought rehearing by the Court of Appeal. Doc. Nos. 7-16, 7-17. On June 15, 2022, petitioner sought review of the Court of Appeal's decision by the California Supreme Court. Doc. No. 7-18. The Supreme Court denied review without comment on July 20, 2022. Doc. No. 7-20.[3]

After petitioner filed the second petition for resentencing, she also filed a petition for a writ of habeas corpus in the Superior Court for the County of San Diego alleging the Superior Court had not timely ruled on her second resentencing petition. *See* Doc. No. 1-4 at 50-57; Doc. No. 7-21. The record before the Court in this matter is hardly a model of clarity given the breadth, complexity, and overlapping nature of petitioner's litigation history, but it appears petitioner filed the state court habeas petition alleging a failure to rule on the second resentencing petition on November 10, 2021, the day ***after*** the Superior

---

[3]   It further appears from the record that petitioner has filed a ***third*** state court resentencing petition, which the Superior Court stayed pending appeal of the second petition. *See* Doc. No. 1 at 12. Petitioner asserts there will be a "sham denial" of the third petition at some point in the future. *Id.* Any subsequent developments related to that third petition are not clear from the record before this Court, and the third state court resentencing petition does not appear to be at issue in this proceeding.

Court issued the order denying the second resentencing petition. *See* Doc. No. 7-21 at 6. The state court habeas petition was not actually docketed until November 18, 2021, and it would thus appear from the record that, given unavoidable delays in filing and service caused by the prison mail system, petitioner simply had not received notice of the ruling on her second resentencing petition at the time she filed the state court habeas case. *See id.* at 1. In any event, that state court habeas petition was denied as a second or successive petition on January 18, 2022. *See* Doc. No. 7-22. After denial of the second petition for resentencing, but before final denial of the state court habeas petition, petitioner filed a habeas corpus petition in the California Court of Appeal on January 8, 2022. *See* Doc. No. 7-23 at 1-16. The Court of Appeal denied that petition on February 4, 2022. *See* Doc. No. 7-25. On May 6, 2022, petitioner sought a writ of habeas corpus from the California Supreme Court challenging the Superior Court's refusal to resentence her on the second petition. Doc. No. 7-26. The Supreme Court denied that writ on August 10, 2022.[4]

Petitioner filed the Petition on October 4, 2022. Doc. No. 1. On its face, her application for the writ purportedly attacks her 1985 judgment of conviction. *Id.* at 1. Petitioner admits this is her second attempt to vacate her conviction by applying for a writ of habeas corpus in the Southern District of California. *Id.* at 7. At the same time, petitioner asserts "[t]his is not that kind of petition" because it "only relates to breach of plea bargain arising after [the] prior federal [habeas corpus proceeding was] terminated." Doc. No. 1 at 7. Petitioner asserts three separate grounds for relief. *See generally* Doc. No. 1 at 8-10. First, she claims the Superior Court (as opposed to the San Diego County prosecutors with

---

[4] Petitioner has also engaged in parallel habeas corpus litigation in other state and federal courts related to her parole hearings. *See generally Torricellas v. Davison*, 519 F. Supp. 2d 1040, 1047-48 (C.D. Cal. 2007); *see also id.* at 1044 (adopting report and recommendation to deny writ of habeas corpus). The dockets of state and federal courts also reflect her lengthy record of non-habeas pro se prison litigation. *See, e.g., Torricellas v. Burkhardt*, E069330, 2019 WL 3283013, 2019 Cal. App. Unpub. LEXIS 4837 (July 22, 2019); *Torricellas v. Hughes*, 735 Fed. Appx. 457 (9th Cir. 2018); *Torricellas v. Bedford*, 14-2489 AG (AJW), 2017 U.S. Dist. LEXIS 121086 (E.D. Cal. May 9, 2017).

whom she negotiated a plea bargain in the 1980s) breached her plea agreement through an "erroneous construction" of the "stipulated factual basis" for her guilty plea and by failing to "apply contract law" when she filed the first resentencing petition. *Id.* at 8. Second, she claims denial of her resentencing petition "deprived" her of a "liberty interest" and "due process of law under 14 USCA." *See id.* at 9. Third, she contends denial of her resentencing petition renders her guilty plea "involuntary . . . in violation of 14 USCA." *Id.* at 10.

Petitioner included an eight page "Attachment" (titled "Statement of Facts") to her petition, which she attempts to incorporate by reference as the factual basis for relief on all three grounds. *See* Doc. No. 1 at 8-10; Doc. No. 1-2. The eight-page Statement comprises 24 single-spaced, typewritten paragraphs and a separate section titled "Relief Requested." *See* Doc. No. 1-2. Generally, the Statement of Facts presents petitioner's version of the Superior Court's resolution of her original resentencing petition, in which she alleges the prosecution, acting in concert with her court-appointed attorney (whom she accuses of "scheming" against her), somehow misled the Superior Court into relying on petitioner's statements during her 1985 plea colloquy when the court ruled on her resentencing petition. *See generally* Doc. No. 1-2. The gravamen of petitioner's complaint is that, had the Superior Court ignored her statements during the plea colloquy, and instead relied only on the contents of her resentencing petition and the "factual basis [of the offense] as stipulated in the negotiated plea agreement" from 1985, the trial court would have found her eligible for resentencing and held an evidentiary hearing. *Id.* at 7-9.

Petitioner's statement of the "Relief Requested" from this Court provides further insight as to what, exactly, is the substance of this petition. *See* Doc. No. 1-2 at 15. She requests remand to the Superior Court for the County of San Diego for either an evidentiary hearing in conjunction with a *de novo* review of her resentencing petition or a withdrawal of her guilty plea and a jury trial. *See id.* Respondent moved to dismiss the Petition on December 21, 2022. Doc. No. 6. This Court has reviewed the record and the parties' briefs and the record, and now issues this Report and Recommendation.

//

## II. THE DISTRICT COURT SHOULD DISMISS THE PETITION

A court may dismiss a pleading seeking relief if the pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than its substantive merits. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2013). "A document filed *pro se* is 'to be liberally construed,' and . . . must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Respondent seeks dismissal of the Petition on the following three grounds: (1) the Petition does not allege a cognizable claim for relief; (2) the Petition is barred as a "second or successive" petition under 28 U.S.C. § 2244(b); and (3) the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) bars petitioner's claims. The Court will first address the issue of whether this is a second or successive petition. Because, as set forth in this Report and Recommendation, the Petition is not second or successive, the Court will address issue of whether the Petition sets forth a cognizable claim. Although the Petition is subject to dismissal for failure to state a claim, the Court will explain how the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations would not impose a time bar if this case were cognizable.

### (1) The Petition is Neither Second Nor Successive

A second or successive habeas corpus petition challenging the same state court judgment must be dismissed unless the Court of Appeals has issued an order permitting a second or successive petition. *See* 28 U.S.C. § 2244(b); *Henry v. Spearman*, 899 F.3d 703,

705-06 (9th Cir. 2018). Although respondent addresses this issue at the close of its briefing, the Court must first consider the question of whether this is a second or successive petition because it is a jurisdictional prerequisite to hearing any habeas claim. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007); *see also Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (noting federal courts have an independent obligation to ensure they have subject matter jurisdiction). Respondent contends the substance of the Petition is a challenge to petitioner's underlying conviction, for which she unsuccessfully sought a federal writ of habeas corpus in 2006. *See* Doc. No. 6-1 at 22. Petitioner admits she filed an earlier federal habeas petition challenging her conviction. Doc. No. 1 at 7. She also concedes the Ninth Circuit has not granted her permission to file a second or successive petition. *Id.* However, she claims this is "not that kind of petition," and she states this Petition "only relates to breach of plea bargain arising after prior federal [habeas corpus] terminated." *Id.* In her Opposition, petitioner argues the Petition is not second or successive under *Clayton v. Bitter*, 868 F.3d 840 (9th Cir. 2017). *See* Doc. No. 10 at 31.

*Clayton* is instructive here. In that case, Clayton unsuccessfully sought a federal writ of habeas corpus challenging his California state court conviction. *Clayton*, 868 F.3d at 842. Ten years after the initial habeas action, California voters approved a retroactive resentencing law to mollify perceived harshness in the state's Three Strike Law. *Id.* Clayton filed a petition for resentencing under that law—California Penal Code section 1170.126— which the Superior Court denied. *Id.* After exhausting his direct appeals, Clayton sought federal habeas corpus relief, but the District Court dismissed his petition as successive because that court concluded Clayton was "at bottom[] challenging his original sentence for the second time." *Id.* at 842-43 (internal quotation marks omitted).

The Ninth Circuit reversed. *Id.* at 843-45. The Court reasoned that, as a matter of state law, denial of a resentencing petition constituted "an appealable 'post-judgment order affecting the substantial rights of the party,' as opposed to an appeal of an original conviction." *Id.* at 844 (quoting *Teal v. Superior Ct.*, 336 P.3d 686, 689-90 (Cal. 2014)).

1  The Court further distinguished a federal sentence *reduction* statute because a reduced
2  sentence leaves the original judgment of conviction in place, whereas plenary resentencing
3  leads to a new judgment. *Id.* at 844-45. Thus, the Court concluded Clayton did not seek to
4  challenge his original conviction but sought "only to challenge a new and intervening
5  judgment denying him relief with respect to his sentence," which was "not subject to the
6  second or successive petition bar." *Id.* at 845 (internal quotation marks omitted).

7  Here, Petitioner sought resentencing under California Penal Code section 1170.95
8  in 2019.[5] *See* Doc. No. 7-1 at 35-37. At that time, the statute allowed any "person convicted
9  of felony murder or murder under a natural and probable consequences theory [to] file a
10 petition with the court that sentenced the petitioner to have the petitioner's murder
11 conviction vacated and to be resentenced on any remaining counts" when certain
12 conditions applied. *See* Cal. Pen. Code § 1170.95(a) (2019). The language of the statute is
13 plain: it creates a procedural mechanism for an independent action potentially leading to
14 vacatur of a conviction, resentencing, and the entry of a new judgment of conviction against
15 the petitioner. It is therefore not meaningfully distinguishable from the statute at issue in
16 *Clayton*. Further, California law is generally in accord that unsuccessful petitions under
17 similar resentencing laws lead to separate, appealable judgments of the kind noted by the
18 Ninth Circuit in *Clayton*. *See* Cal. Pen. Code § 1237(b); *People v. Heard*, 299 Cal. Rptr.
19 3d 634, 645 n. 12 (Cal. Ct. App. 2022).

20 Finally, as further proof California law treats a petition under section 1170.95 as a
21 proceeding in pursuit of a separate judgment, a convicted prisoner is barred from asserting
22 section 1170.95 during a direct appeal of conviction and *must* file a separate petition for
23 resentencing in the trial court. *See People v. Martinez*, 242 Cal. Rptr. 860 (Cal. Ct. Ap.
24 2019). The Three Strikes Reform Act of 2012, which was at issue in *Clayton*, featured that

---

[5]   The statute was later amended and renumbered as Penal Code section 1172.6. *See* 2022 Cal. Stats. ch. 58 § 10; 2021 Cal. Stats. ch. 551 § 2.

exact same restriction. *See People v. Conley*, 373 P.3d 435 (Cal. 2016). This Court therefore concludes a petition for a writ of habeas corpus challenging an order denying resentencing under California Penal Code section 1170.95 is not "second" or "successive" within the meaning of 28 U.S.C. § 2254.

Respondent acknowledges *Clayton*, but nonetheless asks the Court to distinguish that case by construing the instant Petition as an attack on the original state court judgment of conviction against petitioner. *See* Doc. No. 6-1 at 22. Respondent directs the Court's attention to the first page of the Petition, in which petitioner at least nominally identifies her 1985 conviction as the judgment under attack. *See id.* But pleadings should be construed in terms of their substance, not their form, and *pro se* pleadings are entitled to favorable interpretation at the motion to dismiss phase. *See Mut. Creamery Ins. Co. v. Iowa Nat'l Mut. Ins. Co.*, 427 F.2d 504, 507-08 (8th Cir. 1970); *Rhodes v. Placer Cty.*, 2:09-cv-489-MCE-KJN-PS, 2011 U.S. Dist. LEXIS 35497, at *14 n.5 (E.D. Cal. Mar. 31, 2011). A review of petitioners' "Statement of Facts" submitted in support of the Petition shows she claims violations of her federal rights when the Superior Court denied her resentencing petition. *See generally* Doc. No. 1-2. Petitioner argues as much in her Opposition. Doc. No. 10 at 31. Although the Petition makes reference to parts of the record relating to the 1985 guilty plea, the substance of this Petition concerns grievances with the section 1170.95 proceedings, not petitioner's original conviction.

Notably, the Ninth Circuit rejected respondent's exact line of reasoning in *Clayton*, where, on facts not meaningfully distinguishable from the facts in this case, the District Court was held to have erroneously concluded the substance of a habeas petition was a challenge to the underlying judgment. *See* 868 F.3d at 843. This Court, having concluded the instant Petition in substance challenges the Superior Court's denial of resentencing under former Penal Code section 1170.95, likewise concludes the Petition is not second or successive, and therefore not procedurally barred by 28 U.S.C. § 2254(b). The Court, assured of its jurisdiction, can therefore consider respondent's request to dismiss the Petition for failure to state a claim.

### **(2)  The Petition Fails to State a Federal Habeas Corpus Claim**

This Court may only entertain a habeas petition by a state-court prisoner on grounds the petitioner is in custody in violation of federal law. *See* 29 U.S.C. § 2254(1). This Court may not issue a writ of habeas corpus based solely on alleged error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). A state court adjudication may be overturned if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1). This "standard is intentionally difficult to meet," and it incorporates "a presumption that state courts know and follow the law," which makes federal habeas review "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *See Woods v. Donald*, 575 U.S. 312, 316 (2015) (citations and internal quotation marks omitted).

Petitioner must first identify the "clearly established" federal law at issue. *Marshall v. Rodgers*, 569 U.S. 58, 61 (2013); *Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017). Only the direct holdings of the Supreme Court, not its dicta, are "clearly established" for purposes of the statute. *Woods*, 575 U.S. at 315; *Robertson*, 849 F.3d at 1182. The holdings of circuit courts cannot constitute "clearly established" federal law if the Supreme Court has not itself announced a clear rule. *See Lopez v. Smith*, 574 U.S. 1, 6 (2014); *Robertson*, 849 F.3d at 1182. If there is no directly controlling Supreme Court precedent, habeas relief will be unavailable to the petitioner because the law is not "clearly established." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Robertson*, 849 F.3d at 1182.

Under this set of restrictions, state post-conviction proceedings are generally not cognizable in habeas proceedings because they do not directly challenge the petitioner's custody, and they present only state law questions. *See Swarthout v. Cooke*, 562 U.S. 216, 219-22 (2011) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780-81 (1990); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989); *see also Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-19 (10th Cir. 1989) (collecting cases). *But see Dickerson v. Walsh*, 750 F.2d 150, 152-54 (1st Cir. 1984) (considering the issue in terms of the relief sought because habeas

corpus may be appropriate, whatever the underlying facts, if a litigant seeks release from custody; while also noting habeas corpus relief might lie in a situation where a state court administered post-conviction procedures in an unconstitutional manner).[6] Petitioner thus faces a high bar to stating a claim for relief under this set of interconnected doctrines. To begin with, it must be clearly established by the United States Supreme Court that federal law has any application to her resentencing petition. Even assuming she had a federal right to assert, Petitioner would need to plead and prove an "extreme malfunction" of federal law occurred in the state judiciary.

The Court is unaware of any Supreme Court doctrine establishing a federal right to be resentenced. To the contrary, the Supreme Court has expressly held there is no due process guarantee of a right to be released on parole, and any errors alleged to have occurred in a parole hearing are errors of state law alone. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). This case is not meaningfully distinguishable. If anything, the right to resentencing is less susceptible to habeas corpus relief because parole entitles a prisoner to a release from custody, whereas resentencing comes with no such guarantee. The logic of *Swarthout* thus applies *a fortiori* to this case, which merely alleges an error in resentencing, with no allegations that resentencing would lead to petitioner's release from custody.

In her Statement of Facts, petitioner only asserts the Superior Court failed to follow

---

[6] This Court can see the intuitive appeal of the *Dickerson* decision. A state post-conviction proceeding might give rise to violations of federal law that in turn lead to a miscarriage of justice sufficiently severe for a writ of habeas corpus to issue. An extreme example might be a state court summarily denying resentencing to an eligible prisoner based solely on the prisoner's race. But this is not that case. Even if this Court found persuasive the more flexible approach the First Circuit took in *Dickerson*, the "relief sought" by petitioner in ***this*** matter would preclude the issuance of any writ. Petitioner does not ask this Court to issue a writ commanding her release from prison: she seeks a renewed hearing on her resentencing petition, or withdrawal of her guilty plea and a jury trial. *See* Doc. No. 1-2 at 15. As explained herein, this Court's authority to issue relief does not extend to commanding a "do-over" of a procedural matter committed solely to the sound discretion of the state judiciary.

state law procedural requirements for determining whether she had set forth a prima facie case for resentencing with her petition. *See* Doc. No. 1-2 ¶¶ 13, 18. Even if petitioner is correct in her assertion the Superior Court reached an erroneous result under the procedures supplied by state law—on which this Court expresses no opinion—she has merely asserted a violation of state law, not a federal constitutional violation. Under *Swarthout*, federal law does not constrain the California legislature's power to prescribe procedures by which prisoners can petition to be resentenced under state law, and this Court cannot issue a writ of habeas corpus to correct even erroneous application of state laws by state courts. *See* 562 U.S. at 220.

At the same time, this Court is mindful of the need to construe *pro se* pleadings liberally. *See Rhodes v. Placer Cty.*, 2:09-cv-489-MCE-KJN-PS, 2011 U.S. Dist. LEXIS 35497, at *14 n.5 (E.D. Cal. Mar. 31, 2011). In *Swarthout*, the Supreme Court left open the potential of a narrow path for due process challenges to post-conviction proceedings. *See* 562 U.S. at 219-22. The Court assumed without deciding that a state can create a "liberty interest" by offering parole. *See id.* at 219-20. When a state creates such an interest, the Court noted "the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." *Id.* at 220. Federal review is limited, however, to ensuring the states supply procedures that meet the minimal guarantees for due process and then provide those procedures fairly to incarcerated persons seeking postconviction relief. *Id.* at 220-21. It does not extend to reviewing the merits of state court decisions reached under constitutionally sufficient procedures. *See id.* In other words, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is *what process*" the petitioner in a post-conviction habeas case receives, "not whether the state court decided the case correctly." *See id.* at 222 (emphasis added).

The Supreme Court has not yet specified what requirements, if any, due process imposes upon state law resentencing proceedings. This would alone be sufficient grounds to deny the Petition because there is no "clearly established" federal law on which

petitioner can rely. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008). However, the Supreme Court has held that due process is satisfied in the context of parole where a prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *See Swarthout*, 562 U.S. at 220 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). In this case, California Penal Code § 1170.95, as in effect in 2019, allowed petitioner to apply for resentencing, with the aid of appointed counsel if requested, based on which the Superior Court would issue an order to show cause and hold further hearings if the written petition stated a prima facie case of entitlement to relief under the statute. One element of a prima facie case for resentencing was that a "petitioner could not be convicted of first or second degree murder" under Penal Code sections 188 or 189, as amended on January 1, 2019. *See* Cal. Pen. Code § 1170.95(a)(3) (2019). Under those statutes as amended, California's felony murder rule was made inapplicable *unless* the defendant was the "actual killer;" "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer;" or was a "major participant" in the underlying felony. *See* Cal. Pen. Code § 189; 2018 Cal. Stats. ch. 1015. The Superior Court must generally issue an order to show cause in response to a facially sufficient petition, unless the record refutes the allegations of the petition, in which case the Superior Court can make a credibility determination adverse to the petitioner. *See People v. Lewis*, 491 P.3d 309, 321-22 (Cal. 2021) (citing *People v. Drayton*, 261 Cal. Rptr. 335 (Cal. Ct. App. 2020)).

Petitioner agrees the process described in *Lewis* and the applicable statutes controlled her petition. Doc. No. 10 at 15. However, she contends the Superior Court erred by not granting her an evidentiary hearing based solely on the contents of her declaration. *See generally* Doc. No. 10 at 15-28. The Superior Court denied Petitioners' resentencing petition based on sworn statements, made in open court during her plea colloquy, during which she admitted her awareness of the actual killer's intent to kill the victim, confessed to holding the gun before giving it to the shooter so he could commit the murder, and confessed to acting as a lookout. *See* Doc. No. 7-2 at 58-59. The Court concluded these

facts negated the allegations of her resentencing petition and made her categorically ineligible for resentencing because she was a "major participant" in the underlying felony and she directly aided and abetted the actual killer. *Id.* The Court also explained its denial in a written ruling. *Id.* Assuming without deciding that petitioner had a "liberty interest," she received exactly what California law required under *Lewis* and the controlling statutes: she filed a petition, the Superior Court judge reviewed it for a prima facie case, and the judge concluded the record conclusively rebutted her allegations in support of resentencing. That would satisfy the minimal due process guarantees of an opportunity to be heard and a written decision explaining the denial of relief. Accordingly, petitioner has not alleged a constitutional violation. *See Swarthout*, 562 U.S. at 220.

Petitioner, perhaps seeking to plead around this conclusion, also includes allegations describing a sinister conspiracy between the Superior Court, the defense attorney appointed at her request, and state prosecutors to deny her plea for resentencing by misconstruing her sworn admissions made before the Superior Court in 1985 (which she now asserts were perjured in an effort to curry favor with the prosecution and sentencing judge). *See, e.g.*, Doc. No. 1-2 ¶¶ 6, 10, 12, 15. But petitioner must plead a "plausible" claim, not merely a claim that falls somewhere in the realm of possibility, however illogical and unsupported. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2013); *Hebbe v. Pliler*, 627 F.23d 338, 341-42 (9th Cir. 2010). Petitioner's conspiracy allegations are couched in vague, conclusory terms that are long on speculation and short on particularity. Although it is hypothetically possible for a state court trial judge, the public defender, and the county prosecutors to conspire against petitioner in the manner alleged, the Court concludes the allegations of conspiracy are grossly implausible, and thus insufficient to transform petitioner's grievance with the Superior Court's reasonable resolution of her resentencing petition into a constitutional violation.

Without the benefit of her implausible allegations of a conspiracy between the state judiciary, public prosecutors, and her court-appointed defense attorney, petitioner ultimately wants this Court to vacate the Superior Court's ruling because, in her view, that

court weighed the evidence incorrectly and thereby erroneously resolved the threshold question of her prima facie showing of eligibility under the statute. *See* Doc. No. 1-2 ¶ 8; Doc. No. 10 at 15, 19. But Supreme Court doctrine forbids this Court from passing exactly that sort of judgment on a state court's application of state law procedures. *See Swarthout*, 562 U.S. at 522. This Court's assessment begins and ends with the conclusion that California provided a constitutionally sufficient process as part of the resentencing law at issue here. Petitioner has not stated a legally cognizable claim for relief under 28 U.S.C. § 2254. The District Court should, accordingly, grant respondent's Motion to Dismiss.

### (3) The Petition Would Not Be Time Barred

AEDPA imposes a strict one-year statute of limitations on petitions challenging state court convictions. *See* 28 U.S.C. § 2244(d). At the same time, the statute of limitations contains multiple "triggering" events that lead to different dates on which the statute might begin to run. *See id.*; *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Between the different rules for calculating the dates on which the statute begins to run and the body of case law interpreting the statute of limitations, the Ninth Circuit has noted there are "complex questions lurking in the time bar of the AEDPA." *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001). Respondent suggests the Court should resolve those complex factual questions adversely to petitioner because, as respondent puts it, petitioner ultimately seeks to challenge her 1985 conviction, which cannot possibly have been tolled until she filed this Petition in 2022. Doc. No. 6-1 at 12-20. Petitioner strenuously argues the Petition is timely because the "factual predicate" underlying the Petition is the denial of her resentencing petition and the exhaustion of any appeals therefrom. Doc. No. 10 at 28-30.

This Court has already concluded that, notwithstanding certain matters of form, the Petition challenges petitioner's 2019 bid for resentencing, not the 1985 conviction. *See supra* § II.1. Petitioner exhausted her state court remedies vis-à-vis the first petition for resentencing on September 15, 2021, the date the California Supreme Court denied her petition for review of that decision. *See* Doc. No. 7-9. For the purposes of the AEDPA's statute of limitations, that judgment became "final" on December 14, 2021, the last date on

which she could have petitioned for review by the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999). Petitioner filed the instant Petition under the applicable mailbox rule on October 14, 2022, less than one year after the date her judgment became "final." *See* Doc. No. 1 at 12; *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000). Thus, if the Petition were not subject to dismissal for failure to state a claim, it would be timely under the AEDPA.

### (4) Leave to Amend

Federal Rule of Civil Procedure 15(a) "applies to habeas corpus cases with the same force that it applies to garden-variety civil cases." *Calderon v. U.S. Dist. Ct.*, 134 F.3d 981, 986 n.6 (9th Cir. 1998). Under Rule 15(a), "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)); *accord James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir. 2000); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). As the Court has already noted, the United States Supreme Court has never issued a decision that would create a federal cause of action for a writ of habeas corpus to issue based on state-law resentencing error, which effectively precludes the issuance of a writ in a case like this because there is no "clearly established" federal law on which petitioner can rely. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008). Because any amended pleading would necessarily relate to the resentencing petition at issue in this case, there is no set of facts petitioner could allege that would set forth a basis for relief under the restrictive standards imposed by AEDPA. Accordingly, granting petitioner leave to amend would be an exercise in futility.  It is therefore recommended the District Court grant respondent's Motion to Dismiss **without** leave to amend.

### III. RECOMMENDATION, AND ORDER

This Court **RECOMMENDS** the District Court **GRANT** the Motion to Dismiss without leave to amend. The Court **ORDERS** any objections to this Report and Recommendation be filed by **April 5, 2023**, and any responses to such objections be filed

1 | **within 14 days of any objections**.

2 | Dated: March 15, 2023

Hon. Karen S. Crawford
United States Magistrate Judge