1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10   | THERESA TORRICELLAS,

11   |                                          Petitioner,

12   | v.

13   | J. CORE, *Warden*, and ROB BONTA,
14   | *Attorney General, State of California*,

15   |                                          Respondents.

Case No. 22-cv-1670-MMA (KSC)

**ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION;**

[Doc. No. 12]

**GRANTING MOTION TO DISMISS;**

[Doc. No. 6]

**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ISSUING A CERTIFICATE OF APPEALABILITY**

        On October 24, 2022, Theresa Torricellas ("Petitioner"), a state prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (the "Petition"). *See* Doc. No. 1. On December 21, 2022, Respondents filed a motion to dismiss the Petition. *See* Doc. No. 6. On March 15, 2022, Magistrate Judge Karen S. Crawford issued a detailed and well-reasoned Report and Recommendation ("R&R"), recommending that the Court grant Respondents' motion and deny the Petition. *See* Doc.

No. 12.  Petitioner filed an objection to the R&R.  *See* Doc. No. 13.  Respondents did not file a reply.  Upon due consideration and for the reasons set forth below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, **GRANTS** Respondents' motion to dismiss, **DISMISSES** the Petition, and **ISSUES** a certificate of appealability.

## I. Background

Judge Crawford's R&R includes a thorough and detailed recitation of the relevant background and proceedings.  *See* Doc. No. 12 at 2–5.[1]  Petitioner does not object to Judge's Crawford's account of the facts and the Court therefore incorporates that portion of the R&R here.  In short, Petitioner pleaded guilty to second degree murder in 1985.  Since then, Petitioner has sought numerous writs and other forms of relief in both state and federal court.

Relevant here, on January 9, 2019, Petitioner submitted a petition to the Superior Court for resentencing pursuant to California Penal Code § 1170.95, now codified at § 1172.6.  SCR at Lodgment 1.  Petitioner was appointed counsel, and the matter was briefed by both Petitioner's attorney and the California Attorney General's Office.  On July 8, 2020, the Superior Court denied the petition for resentencing, finding that Petitioner's declaration submitted in support of her petition did not negate the admissions she made during her plea colloquy, which demonstrated Petitioner aided and abetted the murder and was also a major participant in the underlying felony and acted with reckless indifference to human life.  SCR at Lodgment 2.  Consequently, the Superior Court determined Petitioner had not made a prima facie showing that she was entitled to relief.  SCR at 0335–0336.

Petitioner appealed this ruling and the Court of Appeal affirmed, finding that the Superior Court correctly considered Petitioner's record of conviction and agreeing with

---

[1] All citations to electronically filed documents other than the State Court Record refer to the pagination assigned by the CM/ECF system.  The Court hereinafter refers to the State Court Record, Doc. No. 7, as "SCR" with the appropriate lodgment number and pagination as available.

the Superior Court that Petitioner was statutorily ineligible for relief.  SCR at Lodgment 7.

By way of her current Petition, Petitioner challenges her 1985 judgment of conviction, asserting three grounds for relief.  First, she asserts the Superior Court breached her plea agreement through its handling of and ruling on her resentencing petition.  Second, she claims denial of her resentencing petition deprived her of a liberty interest and due process.  Third, she contends denial of her resentencing petition renders her guilty plea involuntary.

Petitioner attaches to her Petition a "Statement," which, among other things, identifies the "Relief Requested" as remand to the Superior Court for an evidentiary hearing and de novo review of her resentencing petition or withdrawal of her guilty plea and jury trial.

On December 21, 2022, Respondents filed a motion to dismiss the Petition, which Petitioner timely opposed.  *See* Doc. Nos. 6, 10.  Judge Crawford recommends that the Court grant Respondents' motion and dismiss the Petition.  *See* R&R.

## II. LEGAL STANDARD

### A.    Rule 72(b) R&R Review

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  Pursuant to Rule 72 and 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of any part of the magistrate judge's disposition to which a party has properly objected.  *See id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### B.    Rule 12(b)(6) Motion to Dismiss

A court may dismiss a pleading seeking relief if the pleading "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss

"tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than its substantive merits.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)).  To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2013).  "A document filed pro se is 'to be liberally construed,' and . . . must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

Petitioner does not object to Judge Crawford's recommendations on Respondents' arguments that the Petition is second or successive and that it is time barred.  Accordingly, the Court **ADOPTS** that portion of the R&R and **DENIES** Respondents' motion on those bases for the reasons stated in the R&R.  Petitioner does, however, challenge the entirety of Judge Crawford's legal analysis and recommendation as it relates to whether Petitioner has stated a cognizable federal habeas claim.  Accordingly, the Court considers that portion of the R&R *de novo*.

### A.     Section 1172.6 Resentencing

It is necessary to begin with the relevant provisions of the California Penal Code that led to Petitioner's state court resentencing petition.  In 2017, the California Legislature adopted a concurrent resolution, declaring a need to reform the state's homicide law "to more equitably sentence offenders in accordance with their involvement in the crime."  Sen. Conc. Res. No. 48, Stats. 2017 (2017–2018 Reg. Sess.) res. ch. 175 (Resolution 48).  The following year, Senate Bill 1437 was passed, "which made significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to

punishment on a felony-murder theory." *People v. Strong*, 13 Cal. 5th 698, 707–08 (Cal. 2022).

> As relevant here, Senate Bill 1437 significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile, supra*, 10 Cal.5th at p. 842.) Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to "actual killer[s]" (Pen. Code, § 189, subd. (e)(1)) and those who, "with the intent to kill," aid or abet "the actual killer in the commission of murder in the first degree" (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were "major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2"—that is, the statute defining the felony-murder special circumstance. (*Id.*, § 189, subd. (e)(3).)

*Id.*

Originally codified at § 1170.95, section 1172.6[2] provides a mechanism for those convicted under the former law to seek retroactive relief under the law as amended. *See* Cal. Pen. Code § 1172.6. The process begins with the filing of a petition containing a declaration that all requirements for eligibility are met, *see* § 1172.6(b)(1)(A), including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019," the effective date of Senate Bill 1437, *see* § 1172.6(a)(3). If the petition is facially sufficient, counsel is appointed if requested. *See, e.g.*, *People v. Lewis*, 11 Cal. 5th 952, 957 (Cal. 2021) ("[W]e conclude that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel

---

[2] The Court refers to the statute as section 1172.6 except where quoting from documents before the recodification.

upon the filing of a facially sufficient petition."). After the appointment of counsel and the opportunity for briefing, the Superior Court may consider the record of conviction to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. *Id.* "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." *Strong*, 13 Cal. 5th at 708. However, if the defendant makes a prima facie showing of entitlement to relief, "the court shall issue an order to show cause" and hold an evidentiary hearing. *See* § 1172.6(c); *see also Strong*, 13 Cal. 5th at 709.

**B.   Petitioner's Claims**

Petitioner asserts three claims. In both her Petition and in opposition to Respondents' motion, Petitioner describes her three asserted bases for federal habeas relief as:

> A. The state trial court denied due process of law under 14 USCA by breach of Petitioner's negotiated plea agreement with the prosecutor when it misconstrued the factual basis of the offense subject of the petitioner's guilty plea, in violation of 1192.5(b) and contract law principles, to improperly deny petition resentencing process under Penal Code 1170.95.
>
> B. The state court denied due process of law under USCA 14 by depriving petitioner of her liberty interest in resentencing pursuant to Penal Code 1170.95 by failing to apply Penal Code 1192.5(b) when proceeding on petitioner's negotiated plea, and by failing to apply other relevant procedures for evaluating whether a prima facie case was established to warrant an evidentiary hearing.
>
> C. Petitioner's plea to second degree murder based on de minimus felony murder rule accomplice liability is involuntary, in violation of 14 USCA, by the trial court's disregard of the stipulated factual basis of the offense in the negotiated agreement and summary denial of the petition by redetermination of petitioner's conviction offense as based on direct aider and abettor liability for murder and aggravated felony murder rule accomplice liability per Pen. Code 189(e) (2) and (3).

Doc. No. 10 at 5, 8, 23.

1

**C.     Analysis**

2          As Judge Crawford correctly recognized, federal habeas corpus relief may be

3    granted "only on the ground that [Petitioner] is in custody in violation of the Constitution

4    or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Errors in the application

5    of state law are not cognizable on federal habeas review.  *Id.*; *Estelle v. McGuire*, 502

6    U.S. 62. 67–68 (1991) ("[I]it is not the province of a federal habeas corpus court to

7    reexamine state-court determinations on state-law questions."), *accord Pulley v. Harris*,

8    465 U.S. 37. 41 (1984); *see also id.* ("In conducting habeas review, a federal court is

9    limited to deciding whether a conviction violated the Constitution laws or treaties of the

10   United States."); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of

11   habeas corpus reaches only convictions obtained in violation of some provision of the

12   United States Constitution."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (noting that

13   "state courts are the ultimate expositors of state law").  Further, matters relating to

14   sentencing and serving of a sentence generally are governed by state law and do not raise

15   a federal constitutional question.  *See Miller v. Vasquez*, 868 F.2d 1116, 1118–12 (9th

16   Cir. 1989), *cert. denied*, 499 U.S. 963 (1991); *Middleton v. Cupp*, 768 F.2d 1083, 1085

17   (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986); *Sturm v. California Adult Authority*,

18   395 F.2d 446. 448 (9th Cir. 1967), *cert. denied*, 395 U.S. 947 (1969); *see also Wilson v.

19   Corcoran*, 562 U.S. 1. 5 (2010) ("[I]t is only noncompliance with federal law that renders

20   a State's criminal judgment susceptible to collateral attack in the federal courts.").

21          In accordance with these authorities, courts in this circuit have held that a state

22   court's allegedly erroneous denial of resentencing under section 1172.6 does not raise an

23   issue cognizable on federal habeas review.  *See, e.g.*, *Walker v. Cal. Supreme Court*,

24   No. CV 22-4638-CAS(E), 2022 U.S. Dist. LEXIS 191025, at *2 (C.D. Cal. Sep. 13,

25   2022) (collecting cases), adopted, 2022 U.S. Dist. LEXIS 191142, at *1 (C.D. Cal. Oct.

26   13, 2022).

27          Accordingly, to the extent Petitioner attempts to characterize her challenges to the

28   Superior Court's denial of her resentencing petition as a federal issue—pursuant to the

1 Fourteenth Amendment or otherwise—the Court **DISMISSES** her claims.  *See Langford*
2 *v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (A petitioner cannot "transform a state-law
3 issue into a federal one merely by asserting a violation of due process".).

4 Moreover, to the extent Petitioner challenges the Superior Court's ruling on her
5 prima facie showing, and resulting denial of an order to show cause and evidentiary
6 hearing, the Court similarly **DISMISSES** her claims.

7 Petitioner vehemently maintains she is statutorily and constitutionally entitled to an
8 evidentiary hearing and that the Superior Court's alleged error at the prima facie stage
9 denied her of due process.  The law in California is clear that § 1172.6 petitioners are
10 entitled to an evidentiary hearing only if the Superior Court first determines they have
11 met their prima facie burden of showing an entitlement to relief.  Cal. Pen. Code
12 § 1172.6(c).  The law is also clear that in making this initial determination, the Superior
13 Court is entitled to consult the record of conviction, including the factual basis
14 documentation—here, Petitioner's statements at the change of plea colloquy.  *See Lewis*,
15 11 Cal. 5th at 970 ("[W]e now turn to the question of whether a trial court can rely on the
16 record of conviction in determining whether that single prima facie showing is made. The
17 answer is yes.").

18 Petitioner pleaded guilty to second degree murder by, according to the plea form,
19 "participating in a robbery of Paul Henry; during the course of the robbery Paul Henry
20 was killed by a shot gun blast."  SCR at 0011.  Thereafter, during the plea colloquy,
21 Petitioner supplied the following facts:[3]

---

[3] Because Petitioner repeatedly maintains, in this Court and in state court, that these facts do not appear in the State Court Record, the Court supplies quotations and citations from the plea colloquy below.

Petitioner knew her co-defendant was going to kill the victim;[4] she was aware they were taking the victim to a remote location to kill him;[5] she held the shot gun in the car;[6] she handed the gun to her co-defendant knowing he intended to kill the victim;[7] and she acted as a lookout.[8]

In petitioning the Superior Court for resentencing, Petitioner submitted a declaration wherein she minimizes her role in the incident by explaining, among other things, that she has since uncovered a murder-for-hire plot between her co-defendant and the victim and was herself afraid of her co-defendant. However, the Superior Court found that even accepting the allegations in her declaration as true, she did not negate the admissions she made during her change of plea hearing. SCR at 0335–36. Thus, the Superior Court determined that the record of conviction demonstrated that Petitioner was not entitled to relief and therefore that Petitioner had not met her prima facie burden. The Court of Appeal affirmed, similarly finding that based upon the record, Petitioner is statutorily ineligible for relief under § 1172.6. SCR at Lodgment 7.

The Court is bound by the state courts' interpretation and application of § 1172.6 in Petitioner's case. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A]

---

[4] Responding to the court's question "Then what happened?" with "I felt I knew what was going to happen. I don't know, I don't know, I just felt like it put something in motion." SCR at 0089:24, 25–27; responding to the court's question of "What did you go down to Mission Valley for?" with "I don't know. I felt like I knew what was going to happen, okay? It hadn't been discussed but I knew, you know, anyway –." SCR at 0092:15–18.

[5] Responding to the court's question "Why did you pick Mission Valley?" with "Because I felt like, if you're going to do it, you know, at least go to someplace not to draw attention." SCR at 0092:1–4.

[6] Responding to the court's question "Where was the shotgun?" with "In my hand." SCR at 0093:1.

[7] Responding to the court's question "When you got out did you give the gun to [co-defendant]" with "I must have. I don't recall if he came to me and took it or if I gave it to him and said here or what. But I had it and then he had it and – I don't know, I believe I asked him – I believe I asked him if he wanted me to do it." SCR at 0096:6–12. The court then sought clarification asking, "You believe you asked [co-defendant] if he wanted you to shoot him?" and Petitioner responded "Uh-huh." SCR at 009613–15.

[8] Responding to the court's question "Did you walk with [victim] down the road?" with "I can't remember. We walked over to a spot. I remember walking by and seeing him not far from the car, and I remember walking up the road a ways, you know, a ways. And then I was going to come back, I was going to look and see if anything was – anybody was around, you know." SCR at 0095:4–10.

state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Further, whether the state court correctly determined Petitioner had not met her prima facie burden is a question of state law. It is not the province of this Court to reexamine these state court determinations. *See Estelle*, 502 U.S. at 67–68. Accordingly, Petitioner's challenge to the Superior Court's failure to hold an evidentiary hearing on her resentencing petition is not a cognizable federal habeas claim.

Petitioner's objections to Judge Crawford's R&R do not change this outcome. First, her arguments regarding an alleged breach of plea agreement are misplaced. The Superior Court was not a party to the plea agreement. The Superior Court also did not breach the plea agreement. None of Petitioner's legal citations support her claim.

Petitioner also contends she "never pleaded guilty to the factual theories of murder the state court falsely accused her of . . . as justification for denying the Section 1170.95 petition." Doc. No. 13 at 4. Petitioner pleaded guilty to second degree murder and, as the Court of Appeals noted, the one-sentence description of the crime in Petitioner's plea form was "bereft." SCR at Lodgment 7. Relying on Petitioner's sworn description of the incident, and consequently, her role in the crime, in determining if her liability under the felony-murder theory involved the intent to kill and aiding or abetting the actual killer, *see* Cal. Pen. Code § 189(e)(2), or being a major participant and acting with reckless indifference to human life, *see id.* § 189(e)(3), for the purposes of assessing whether Petitioner met her prima facie burden of demonstrating § 1172.6(a)(3) did not "redesignate" or "redetermine" Petitioner's plea or otherwise undermine the plea agreement.[9]

---

[9] Petitioner's citations to *People v. Silva*, 72 Cal. App. 5th 505 (Cal. Ct. App. 2021), in this respect are inapposite. *Silva* involved a criminal defendant who undisputedly was entitled to § 1172.6 relief. The Court of Appeal addressed constitutional concerns involving the redesignation and resentencing on a successful § 1172.6 petition at subdivision (e). Petitioner is incorrect that "the same principle is equally applicable" to the Superior Court's denial of her petition at the prima facie stage—subdivision (c).

Second, to the extent Petitioner has a liberty interest in an evidentiary hearing on her § 1172.6 petition, such an interest is a state interest created by California law.  Where a state creates a liberty interest, "the Due Process Clause requires fair procedures for its vindication--and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

However, Petitioner does not assert that the procedure set forth in § 1172.6 is constitutionally insufficient.  Rather, she contends that in this instance, application of the procedure denied her of due process; Petitioner asserts that the Superior Court engaged in impermissible fact-finding at the prima facie stage of the § 1172.6 procedure, thus depriving her of a liberty interest in an evidentiary hearing.

A state court's misapplication of state sentencing law may violate due process only if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process [violation]." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).  But Petitioner does not explain how the state courts' uniform determinations that she is statutorily ineligible for relief under § 1172.6—thus warranting denial at the prima facie stage and without an evidentiary hearing—were erroneous, nonetheless arbitrary and capricious.  Simply saying they were does not make them so.  Therefore, the Due Process Clause does not require the Superior Court to grant Petitioner an evidentiary hearing.  Accordingly, that the Superior Court did not gratuitously grant her such procedure deprived Petitioner of no liberty interest.

Even assuming Petitioner's challenge to the Superior Court's denial of an evidentiary hearing is cognizable, habeas relief is unavailable here.  The principles of *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993), forbid the granting of federal habeas relief for a non-structural error that had no "substantial and injurious effect or influence" on the outcome of the state proceeding.  As noted above, both the Superior Court and Court of Appeal have determined that Petitioner is statutorily ineligible for resentencing under § 1172.6.  Thus, no such effect or influence resulted from the Superior Court's failure to hold an evidentiary hearing here.  *Cf. People v. Coley*, 77 Cal.

App. 5th 247, 262 (Cal. Ct. App. 2022) ("[T]he failure to hold a hearing did not cause prejudice because appellant was ineligible for resentencing as a matter of law."); *see also Walker*, 2022 U.S. Dist. LEXIS 191025, at *5–6. For this reason as well, Petitioner's challenges are not cognizable federal habeas claims.

In sum, to the extent Petitioner has a liberty interest in resentencing or an evidentiary hearing on her resentencing petition, the Superior Court did not deprive her of such an interest without due process. Petitioner's disagreement with the Superior Court's prima facie determination on her resentencing petition under the guise of a Fourteenth Amendment Due Process claim is not cognizable. It would seem the Constitution requires at least minimal procedure—which Petitioner undoubtedly received as Judge Crawford described—and adherence to its own procedure. The Superior Court applied the procedure set forth in § 1172.6 and Petitioner does not claim otherwise. Rather, Petitioner takes issue with the result of the application of that procedure. This is an area of state law where this Court cannot enter on federal habeas review.

The remainder of Petitioner's objections are without merit.

## IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "A certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is 'adequate to deserve encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the Court determines that reasonable jurists could disagree with the Court's assessment of whether a claim based upon an alleged error in the prima facie determination of resentencing under § 1172.6(c) and resulting denial of an evidentiary hearing is a cognizable federal habeas claim. In fact, courts have already disagreed.

*Compare Walker*, 2022 U.S. Dist. LEXIS 191025, at *5, *with Luckett v. Bird*, No. 22-cv-06634-HSG, 2022 U.S. Dist. LEXIS 227015, at *5 (N.D. Cal. Dec. 16, 2022); *cf. Clayton v. Biter*, 868 F.3d 840, 846 n.2 (9th Cir. 2017).  Accordingly, the Court **ISSUES** a certificate of appealability as to this specific issue only.

## V. CONCLUSION

Based upon the foregoing, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Judge Crawford's R&R, **GRANTS** Respondents' motion, and **DISMISSES** the Petition.  The Court **ISSUES** a certificate of appealability to the extent noted above.

**IT IS SO ORDERED**.

Dated:  June 13, 2023

HON. MICHAEL M. ANELLO
United States District Judge